UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA SAMPEDRO et al.,<br><br>Plaintiffs,<br>v.<br><br>CMM2 LLC et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05201-DGE<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT RE: LIABILITY (DKT. NO. 24) |

Before the Court is Defendants' motion for summary judgment regarding liability. (Dkt. No. 24.) The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record. For the reasons set forth below, the Court DENIES the motion without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are seven professional models who earn their living by modeling and licensing their images to companies, magazines and individuals for the purpose of advertising products and services. (Dkt. No. 1 at 4.) Plaintiffs allege Defendants, CMM2 LLC d/b/a Tonala Mexican

ORDER DENYING MOTION FOR SUMMARY JUDGMENT RE: LIABILITY (DKT. NO. 24) - 1

1  Restaurant and Miguel CM LLC d/b/a Tonala Mexican Restaurant (hereinafter collectively
2  referred to as "Tonala"), appropriated and altered their images without authorization to promote
3  their restaurant via Defendants' social media accounts.  On March 12, 2025, Plaintiffs filed a
4  Complaint in this Court asserting two causes of action under the federal Lanham Act and two
5  causes of action under Washington law for negligence and violation of Washington's Consumer
6  Protection Act.  (*Id.* at 13–21.)

7  On May 8, 2025, Defendants filed an Answer to Plaintiffs' Complaint along with a Third-
8  Party Complaint against Desiderio Gomez, a disc jockey who hosted after hours events at the
9  Tonala restaurant.  (Dkt. No. 13.)  In their Third-Party Complaint, Defendants allege Gomez was
10 responsible for posting the offending advertisements on social media and contend Defendants
11 had no custody or control over Gomez's social media accounts and were not involved in
12 creating, approving, editing, or publishing the advertisements.  (*Id.* at 14–17.)  On June 6, 2025,
13 Gomez filed an Answer to Defendants' Third-Party Complaint.  (Dkt. No. 17.)

14 On October 7, 2025, Defendants filed a motion for summary judgment regarding liability,
15 arguing they had no knowledge of or involvement in the wrongful conduct giving rise to
16 Plaintiffs' claims.  (Dkt. No. 24.)  On October 28, 2025, Plaintiffs responded to Defendants'
17 motion.  (Dkt. No. 27.)

## II.     LEGAL STANDARD

19 Summary judgment is proper only if the pleadings, the discovery and disclosure materials
20 on file, and any affidavits show that there is no genuine issue as to any material fact and that the
21 movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party is
22 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
23 showing on an essential element of a claim in the case on which the nonmoving party has the
24

burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—in most civil cases, a preponderance of the evidence.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv. Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv. Inc.*, 809 F.2d at 630 (relying on *Anderson*).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–889 (1990).

### III.     DISCUSSION

Defendants argue the Court should grant summary judgment with respect to Plaintiffs' claims against them because it is "undisputed" Defendants had no knowledge of Gomez's wrongful conduct.  (Dkt. No. 24 at 2.)  Defendants assert that approximately five years ago,

1  Defendants agreed to allow Gomez to host events at the Tonala restaurant after hours. (*Id.*)
2  Defendants contend they agreed with Gomez that he could keep the cover fees while Tonala
3  would retain all food and drink revenue from the events. (*Id.*) Defendants assert Gomez and
4  Tonala did not share any revenue or profits from the events and contend neither party paid the
5  other in relation to these events. (*Id.*) Defendants assert Gomez was never "an employee, agent,
6  servant, service provider, or contractor" of Tonala. (*Id.*) Defendants argue the advertisements in
7  question were posted to Gomez's personal social media accounts, over which Defendants had no
8  control. (*Id.* at 2–3.) Defendants rely partly on Gomez's Answer, in which he asserts he hired
9  individuals in India and Nigeria to create the advertisements in question, did not select the
10 images used in the advertisements, and did not know the identities of the women depicted in
11 them. (Dkt. No. 17 at 2–3.)

12     Plaintiffs ask the Court not to credit Gomez's "self-serving" declaration, and contend
13 Defendants and Gomez were "partners" in a longstanding business relationship. (Dkt. No. 27 at
14 2.) Plaintiffs contend the "timing, content, and commercial coordination" reflected in the
15 advertisements demonstrate Tonala's "participation, approval, or—at minimum—ratification" of
16 the advertisements. (*Id.* at 3.) Plaintiffs argue the record presents multiple issues of material fact
17 with respect to Defendants' role in Gomez's events and the benefit Defendants derived from
18 these events. (*Id.*) Plaintiffs ask the Court to defer ruling on Defendants' motion for summary
19 judgment pursuant to Federal Rule of Civil Procedure 56(d). (*Id.*)

20     Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified
21 reasons, it cannot present facts essential to justify its opposition [to a motion for summary
22 judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain
23 affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule
24

56(d) is "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)).

A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Id.* (cleaned up). A party seeking to postpone summary judgment pending additional discovery must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.* "This showing cannot, of course, predict with accuracy precisely what further discovery *will* reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove." *Id.* (emphasis in original). However, for purposes of a Rule 56(d) request, the evidence sought must be more than "the object of pure speculation." *Id.* (internal citation omitted).

Here, Plaintiffs ask the Court to defer ruling on Defendants' motion for summary judgment so they can conduct discovery into Defendants' communications, financial records, and social media practices, which will establish whether Defendants and Gomez were partners and therefore jointly liable for the conduct alleged. (Dkt. No. 27 at 3.)

In a declaration, Plaintiffs assert they seek discovery concerning: (1) written evidence of the nature of the agreement between Defendants and Gomez, including whether the parties shared profits and/or losses; (2) how and when cover fees were charged to after hour patrons; (3) communications between Defendants and Gomez concerning planning or promotion of events at Tonala; (4) Defendants' emails or messages by and between Defendants and Gomez (and/or Gomez's employees/workers); (5) Point of Sale records and bar-sales records showing revenues

from the infringing events; (6) social media account access, tagging, and cross-posting practices; (7) documentation, if any, regarding the "agreement" between Defendants and Gomez and any limitations to the same; and (8) financial statements for the past seven years.  (Dkt. No. 29 at 3.)

In another declaration, Plaintiffs assert they have conducted a preliminary investigation into Defendants' establishment, which consisted of a review of Defendants' social media posts, websites, and other corporate information.  (Dkt. No. 28 at 2.)  Plaintiffs claim their investigation reveals Defendants may have had a closer relationship with Gomez, with respect to marketing, advertising, and finances, than suggested by the available evidence.  (*Id.* at 2–4.)

The Court finds Plaintiffs have made the required showing under Rule 56(d).  The discovery sought by Plaintiffs goes to the nature of the relationship between Defendants and Gomez, and is essential to Plaintiffs' opposition to Defendants' motion for summary judgment, which argues Defendants are vicariously liable for Gomez's conduct.  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) ("Vicarious liability for trademark infringement requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.") (internal citation and quotation marks omitted).

Moreover, the Court notes that discovery in this matter is not scheduled to end until April 22, 2026.  (Dkt. No. 22.)  Where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should generally grant any Rule 56[(d)] motion fairly freely."  *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

## IV. ORDER

Accordingly, Defendants' motion for summary judgment (Dkt. No. 24) is DENIED without prejudice.

Dated this 9th day of December, 2025.

David G. Estudillo
United States District Judge